**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KEITH DALE MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV-271-GKF-FHM |
| | ) |
| WILLIAM MUSSMAN; ARLENE JOHNSON; | ) |
| DAVID B. LEWIS; GARY L. LUMPKIN; | ) |
| CHARLES A. JOHNSON; CLANCY SMITH; | ) |
| STEVEN TAYLOR; JAMES EDMONDSON; | ) |
| RUDOLPH HARGRAVE; JOSEPH WATT; | ) |
| MARIAN P. OPALA; YVONNE KAUGER; | ) |
| TOM COLBERT; JOHN F. REIF, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On May 9, 2012, Plaintiff Keith Dale Martin, a state prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), a motion to proceed *in forma pauperis* (Dkt. # 2), and a motion for leave to file a petition for a writ of habeas corpus (Dkt. # 3). By Order filed May 9, 2012 (Dkt. # 4), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed him to pay an initial partial filing fee of $32.02. On July 12, 2012, Plaintiff submitted the initial partial payment. See Dkt. # 8. For the reasons discussed below, this action shall be dismissed with prejudice as frivolous. Plaintiff remains obligated to pay in monthly installments the $317.98 balance owed on the filing fee.

*BACKGROUND*

In his complaint, Plaintiff complains that "Oklahoma State Court officials have intentionally suspended the Plaintiff's privilege to petition the government in a state habeas Corpus proceeding by denying and or dismissing his petitions without granting the Writ or conducting any kind of

Hearing." See Dkt. # 1 at 2. He names fourteen (14) defendants, all current or former judges for Tulsa County District Court, the Oklahoma Court of Criminal Appeals, or the Oklahoma Supreme Court. In his request for relief, Plaintiff states as follows:

> The Plaintiff believes he is entitled to Declaratory Relief declaring that Plaintiff Martin is entitled to a Habeas Corpus Hearing and determination of the righteousness of the cause of his confinement as required under the Oklahoma Constitution Article 2 § 10, and requests that this Honorable Court enter a Writ of Mandamus ordering the Defendants to provide the Plaintiff with Due Process and Equal Protection of the Laws in a Habeas Corpus proceeding to determine the righteousness of the cause of his confinement as mandated by the Oklahoma Constitution Article 2 § 10.

(Dkt. # 1 at 18).

## *ANALYSIS*

### A. Standards for dismissal

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1),(2). In addition, the Court is required under 28 U.S.C. § 1915(e)(2)(B) to dismiss a case filed *in forma pauperis* that is "frivolous." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A case is not frivolous simply because it alleges facts that are "unlikely." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Rather, the facts alleged must "rise to the level of the irrational or the wholly incredible," id., or depict "fantastic or delusional scenarios," Neitzke, 490 U.S. at 328. Dismissal is only appropriate "for a claim based on an

indisputably meritless legal theory." Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006) (quotations omitted).

### 1. Action precluded by Rooker-Feldman

To the extent Plaintiff asks this Court to review habeas corpus rulings by the state courts, this action is precluded by the Rooker–Feldman[1] doctrine, which "bars a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1169 (10th Cir. 1998) (quotation omitted). The doctrine also prohibits a federal court from issuing "any declaratory judgment that is inextricably intertwined with the state court judgment." Id. (quotations omitted).

In addition, to the extent Plaintiff seeks habeas corpus relief, his claims are improperly brought under 42 U.S.C. § 1983. The Supreme Court has made clear that a "§ 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 482, 489 (1973)) (internal citations and punctuation omitted). Instead, prisoners must seek either federal habeas corpus relief or relief under state law. Id. at 78.

Plaintiff's efforts to obtain relief from his allegedly "illegal confinement" would shorten his term of confinement, if successful. Thus, the relief sought by Plaintiff is available only via habeas corpus. As acknowledge by Plaintiff in his complaint, this Court has previously considered and

---

[1]See D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

3

denied Plaintiff's request for federal habeas corpus relief from his convictions entered in Tulsa County District Court, Case No. CRF-1997-2114. See N.D. Okla. Case No. 99-CV-775-TCK. In addition, Petitioner has sought habeas relief by filing post-judgment motions in Case No. 99-CV-775-TCK. He also filed a second habeas petition in N.D. Okla. Case No. 10-CV-648-TCK which was dismissed for lack of jurisdiction as a second habeas petition filed without authorization from the Tenth Circuit Court of Appeals.

Along with the civil rights complaint filed in this case, Plaintiff also filed a motion for leave to file a petition for writ of habeas corpus (Dkt. # 3). As Plaintiff is well aware, however, he is required to obtain authorization from the Tenth Circuit Court of Appeals before filing a successive petition for writ of habeas corpus challenging the validity of his conviction in this Court. This Court cannot grant leave to file a second or successive 28 U.S.C. § 2254 petition for writ of habeas corpus. In addition, Petitioner does not need leave of court to file a 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the administration of his sentence. Therefore, Petitioner's motion for leave to file petition for writ of habeas corpus (Dkt. # 3) shall be denied.

**2. Mandamus relief is unavailable**

To the extent Plaintiff seeks relief in the nature of mandamus, by ordering Defendants to take action in their capacities as state judges, this Court has "no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties." Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011) (quoting Van Sickle v. Holloway, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986) (internal quotation marks omitted)); see also Olson v. Hart, 965 F.2d 940, 942 (10th Cir. 1992) ("Federal courts have no authority to issue a writ of mandamus to a state judge."), *abrogated on other grounds by statute as stated in* Knox, 632 F.3d at 1292.

### 3. Injunctive relief is unavailable under these facts

Plaintiff cannot obtain injunctive relief against Defendants. The Federal Courts Improvement Act of 1996 provides that "injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see also Knox, 632 F.3d at 1292. Plaintiff has not shown that either condition was satisfied here.

### B. Third "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his complaint is frivolous. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal shall count as Plaintiff's third "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").[2]

---

[2] The Court's records reflect that in N.D. Okla. Case Nos. 09-CV-17-GKF-TLW and 10-CV-815-CVE-PJC, Plaintiff was allowed to proceed *in forma pauperis* and his complaints were dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Those dismissals counted as Plaintiff's first and second "prior occasions" under § 1915(g).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The complaint (Dkt. # 1) is **dismissed with prejudice** as frivolous.

2. Plaintiff's motion for leave to file petition for writ of habeas corpus (Dkt. # 3) is **denied**.

3. The Clerk is directed to **flag** this dismissal as Plaintiff's **third** "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. Plaintiff remains obligated to pay in monthly installments the $317.98 balance owed on the filing fee for this case.

5. A separate judgment shall be entered in this matter.

DATED THIS 13th day of July, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT